JAMES GOPSILL ET AL. v. JAMES H. A. HERVEY ET AL.

1. The language of that section of the practice act under which a reference may be ordered by the court, is comprehensive, giving power to refer " all actions in which matters of account are in controversy."
2. It is the character of the plaintiff's claim, and not the issue made upon it, that is to determine whether the case is within the act. If the finding of such issue in favor of the plaintiff will involve the necessity of settling matters of account, a reference is proper.

---

On motion to set aside proceedings and judgment in the Circuit Court of Hudson county.

Argued before DALRIMPLE, DEPUE, and VAN SYCKEL, Justices.

For plaintiffs, *Leon Abbett.*

For defendants, *John P. Stockton.*

VAN SYCKEL, J. The declaration in this case is upon the common counts, with a bill of particulars annexed, specifying the various items of account which the plaintiffs seek to recover.

The defendants pleaded in abatement the non-joinder of a large number of persons, alleged to be joint contractors with them, on which plea the plaintiffs joined issue.

The case was sent down from this court to the October Term, 1869, of the Hudson county Circuit Court for trial, at which term the said Circuit Court made an order referring it to Bennington F. Randolph, Esq., the parties appearing by their respective counsel in open court, and consenting thereto.

The parties appeared before the referee, who subsequently made his report that the promises in the plaintiffs' declaration mentioned were not made by the defendants jointly with the persons in said plea in abatement named; that the defendants did promise and undertake as in said declaration mentioned, and that by reason of the non-performance by the defendants of such promises, the plaintiffs had sustained damages, which he found and assessed at the sum of $8,274.82, besides costs to be taxed. This report was confirmed by the justice who held said Circuit Court, and judgment ordered to be entered thereon in pursuance of the statute.

At the last term of this court the defendants, by their counsel, moved to set aside the said judgment and all proceedings in said cause subsequent to the joining of issue upon the said plea in abatement, resting their motion chiefly upon the proposition that said Circuit Court had no power to refer said cause.

The language of the act under which the reference was ordered is comprehensive, giving power to refer " all actions in which matters of account are in controversy."

It is the character of the plaintiffs' claim, and not the issue made upon it, that constitutes the test. If the finding of such issue in favor of the plaintiff will involve the neces-

sity of settling matters of account, the case is within the terms of the act.

It is true that if the referee had found a non-joinder he would not have investigated the account at all, but substantially the same result would follow on a plea of infancy or statute of limitations, if the plea was sustained, except simply as to the order of proof.

The statute does not make the right to refer depend upon the nature of the defence which may be set up, but upon the fact that matters of account are controverted.

It would be a very narrow interpretation of this act, and one which, to a great extent, would defeat its useful application, to hold that a reference could not be ordered where infancy, release, or limitation is pleaded, and such is not the construction which has heretofore been adopted in practice.

If the plea in abatement is supported, the referee would report generally in favor of the defendant, but if it is not sustained, it is his duty to go into the proofs of the plaintiffs' claim.

If the plaintiffs take issue upon a plea in abatement, and it be found against defendant, the defendant cannot plead anew, but must submit to final judgment, as if he had pleaded in bar. *Thompson* v. *Colier*, *Yelv.* 112; *Amcots* v. *Amcots*, *T. Raymond* 118; 2 *Saund.* 210 *g*, note 3; *Eichorn* v. *Le' Maitre*, 2 *Wilson* 368.

In my opinion, there is no error in the proceedings in this cause, and the motion of the defendants should, therefore, be denied, with costs.

In reaching this conclusion, no significance is given to the fact that both parties assented to the reference; such consent could not enlarge the power conferred by the act in question.

DALRIMPLE and DEPUE, Justices, concurred.